HILEND R. ROSE, APPELLANT, v. JAMES HENRY, RESPONDENT.

*Justice's judgment — no time is prescribed within which a transcript must be filed in the county clerk's office — subdivision 7 of section 382 of the Code of Civil Procedure does not limit the right of a party to issue an execution on a judgment so docketed.*

In March, 1885, a transcript of a judgment, recovered by the plaintiff against the defendant in a Justice's Court in October, 1877, was docketed in the office of the county clerk of Dutchess county.

*Held,* that it was error for the County Court to deny a motion made by the plaintiff for leave to issue execution upon the judgment upon the ground that the transcript was not filed within six years from the date of the entry of the judgment in the Justices' Court.

Subdivision 7 of section 382 of the Code of Civil Procedure, barring action upon a judgment recovered in a Justice's Court, after the lapse of six years from the time it was rendered, has no effect upon the right of the party to issue an execution in the County Court upon such a judgment after a transcript thereof has been docketed in the office of the county clerk.

No time is prescribed within which the transcript of a justice's judgment must be docketed in the county clerk's office.

APPEAL from an order of the Dutchess County Court, refusing leave to the plaintiff to issue an execution upon a judgment docketed in that court.

The application was denied upon the ground that the judgment was docketed upon the filing in the county clerk's office of the transcript of a judgment recovered in a Justice's Court more than six years prior thereto.

*Abram J. Rose,* for the appellant.

*Ransom Baker,* for the respondent.

DYKMAN, J.:

The plaintiff obtained a judgment in a court of a justice of the peace against the defendant in October, 1877. A transcript of the judgment was issued by the justice and the judgment was docketed in the office of the county clerk of Dutchess county, in March, 1885, more than six years after the rendition of the judgment. Thereupon the plaintiff made a motion in the County Court of Dutchess county for permission to issue execution on the judgment, which was denied and the plaintiff appealed from the order.

A judgment of a court of a justice of the peace is barred by the statute of limitations after the lapse of six years from the time of its rendition. (Code Civil Pro., § 382, sub. 7.) But the statute operates only on the remedy by action. (*Coleman* v. *Burr,* 25 Hun, 239.) The judgment was neither extinguished nor dead. Even a civil action could have been maintained upon it if the statute of limitations had not been interposed as a defense. It follows, therefore, that the judgment in question was not annihilated by time when the transcript thereof was filed and the judgment was docketed in the office of the county clerk, and the statute providing for the filing of the transcript and docketing of the judgment prescribes no time within which the same must be done. But the

provision is peremptory that the justice must deliver the transcript, and the county clerk must file the same and docket the judgment " as of the time of the receipt of the transcript." * * * Thenceforth the judgment is deemed a judgment of the county court of that county and must be enforced accordingly. (Code of Civil Pro., § 3017.) So that, unprejudiced by the lapse of time, the party obtaining a judgment in a court of a justice of the peace may procure the same to be docketed as of the time of the receipt of the transcript by the county clerk, and from thenceforth the judgment is deemed a judgment of the County Court. No intention to limit the time is expressed or implied.

Statutes of limitation do not impair the obligation of contracts nor discharge legal rights. They are simply provided to operate on the remedy from principles of public policy, when their aid is invoked, and they are to receive strict construction being in derogation of common-law rights. Such being the rule the six years' statute of limitations can have no application here, because it is in terms confined to the particular remedy by action. The remedy by execution is not subverted, but fully provided without restriction or limitation, and there is no statutory provision to interfere with its pursuit.

The order appealed from should be reversed, with costs and disbursements, and the motion should be granted without costs.

BARNARD, P. J., concurred.

Order refusing leave to issue execution reversed, with costs and disbursements.